UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 388 |
| | ) | |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| CARLOS BELTRAN and | ) | |
| JESUS IVAN VAZQUEZ-RAMIREZ | ) | |

### GOVERNMENT'S UNOPPOSED MOTION TO EXCLUDE TIME

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby moves this Honorable Court, pursuant to Title 18, United States Code, Section 3161, to order that time is excluded as to defendant Vazquez-Ramirez from July 11, 2008, through and including August 4, 2008, for, among other reasons, continuity of counsel, pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(iv). The government further moves that time be excluded as to both defendants from August 13, 2008, through and including September 3, 2008, for, among other reasons, for purposes of continuity of counsel and in the interest of justice, pursuant to Title 18, United States Code, Section 3161(h)(8) and 3161(h)(8)(B)(iv). In support of its request, the government states as follows:

1. On or about July 10, 2008, defendants Vazquez-Ramirez and Beltran were charged in a four count indictment, alleging violations of Title 21, United States Code, Section 846 (Count One), Title 21, United States Code, Section 841(a)(1) and 2 (Count Two), Title 18, United States Code, Sections 824(c)(1)(4) and 2 (Count Three), and Title 18, United States Code, Section 922(g)(5)(A) (Count 4 – against defendant Vazquez-Ramirez).

2. On or about July 11, 2008, defendant Beltran appeared before Magistrate Judge Cole

1

for an initial appearance and bond hearing. On or about July 18, 2008, defendant Beltran appeared before Magistrate Judge Ashman for a bond hearing and arraignment.[1] Defendant Beltran was ordered released on bond. Magistrate Judge Ashman also set a pretrial motion schedule for defendant Beltran. Specifically, Magistrate Judge Ashman ordered that the parties appear before this Court on August 13, 2008, for a status hearing and ordered that defendant's pretrial motions, if any, must be filed on or about August 18, 2008. Responses were ordered filed on or before September 2, 2008, and a ruling by mail on any pretrial motions was set for October 9, 2008. Magistrate Judge Ashman also ordered that time be excluded through the status hearing before this Court, pursuant to Title 18, United States Code, Section 3161(h)(1)(F).[2]

3. On or about August 4, 2008, defendant Vazquez-Ramirez appeared before Magistrate Judge Ashman for an arraignment. Defendant Vazquez-Ramirez had appeared before Magistrate Judge Ashman for an initial appearance prior to the filing of the indictment. At that time, defendant Vazquez-Ramirez was ordered detained pending trial. Defendant did not appear for an arraignment for the instant indictment until August 4, 2008, due to scheduling issues, including the unavailability of defendant's counsel. At defendant Vazquez-Ramirez's arraignment, Magistrate Judge Ashman set a pretrial schedule. Specifically, Magistrate Judge Ashman ordered that the parties appear before this Court on August 27, 2008, for a status hearing. Magistrate Judge Ashman also ordered that pretrial motions, if any, must be filed on or before September 3, 2008. Responses were ordered to

---

[1] While Judge Cole made no specific order excluding time, time shall be excluded from July 11, 2008 to July 18, 2008, due to another proceeding relating to the defendant, *i.e.* defendant's bond hearing. 18 U.S.C. § 3161h)(1).

[2] While no pretrial motions had been filed as of that date; time was also excludable for effective preparation of such motions, pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(iv).

be filed on or before September 17, 2008, and a ruling by mail on any pretrial motions was set for October 24, 2008. Magistrate Judge Ashman also ordered that time is excluded through the status hearing before this Court, pursuant to Title 18, United States Code, Section 3161(h)(1)(F).

4. This Court subsequently ordered that the August 27, 2008, status hearing be stricken and that both defendants appear for a status hearing on August 13, 2008. However, neither counsel for Beltran nor counsel for Vazquez-Ramirez appeared on that date. Counsel for Beltran's assistant appeared on behalf of defendant Beltran and requested additional time within which to file pretrial motions. This Court stated that the request would not be granted until counsel for defendant Beltran filed a motion requesting additional time and proposed a date by which such motions would be filed. This Court then ordered that defendant Vazquez-Ramirez appear for a status hearing on September 3, 2008. This Court further stated that counsel for defendant Beltran may choose to appear at that status hearing as well, in order to deal with the scheduling of pretrial motions. This Court then set a trial date for January 5, 2009. At the end of the status hearing, the government moved to exclude time, in the interest of justice and for the purposes of preparing and filing pretrial motions.

5. On or about August 14, 2008, this Court issued a Minute Order excluding time from the filing of pretrial motions through their disposition, pursuant to Title 18, United States Code, Section (h)(1)(F).

6. The government now seeks an order entering two findings regarding exclusion of time in this case. First, the government moves this Court to enter an order finding that time as to defendant Vazquez-Ramirez be excluded from July 11, 2008, through and including August 4, 2008,

3

pursuant to Title 18, United States Code, Section 3161.[3] Specifically, the government submits that time should be excluded due to issues of continuity of counsel, given the separate arraignments and schedules that were imposed for both defendants, pursuant to Title 18, United States Code, Section 3161(h)(8)(B)(iv). In addition, the government submits that time should be excluded as to defendant Vazquez-Ramirez because excludable delay that applies to any one defendant is a basis to exclude time as to all co-defendants. 18 U.S.C. § 3161(h)(7); *United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994). Counsel for defendant Vazquez-Ramirez does not oppose this finding.

7.    Second, the government requests that this Court order time excluded from the date defendant Beltran's pretrial motions were originally set to be filed – August 18, 2008. As described above, defendant Beltran did not file any pretrial motions on August 18, 2008, and intends to seek additional time within which to file pre-trial motions. To date, counsel for Beltran has not done so. Accordingly, pursuant to this Court's August 14, 2008, Minute Order, time is not currently being excluded. However, consideration of the factors of Title 18, United States Code, Section 3161, demonstrate that time should be excluded as of August 18, 2008, when the pre-trial motions were originally due. Time in this case should be excluded because "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Title 18, United States Code, Section 3161(h)(8)(A). More specifically, the interest of justice is served by the time exclusion not only because the delay is not in any way attributable to the government, but to ensure the continuity of counsel, given that the current due dates for each defendant's pretrial

---

[3] If, as here, the defendant is arrested pre-indictment, then the indictment starts the clock, not the later arraignment. *United States v. Owokoniran*, 840 F.2d 373, 374 (7th Cir. 1987) (holding that where "defendant has been arrested and appeared before a magistrate prior to his indictment, the time commences running with the indictment").

motions are different and that defendants' pretrial schedules likely will be further revised at the September 3, 2008, status hearing. Title 18, United States Code, Section 3161(h)(8)(B)(iv). Until such schedules are finally determined for both defendants, time should be excluded. In addition, given that counsel for defendant Beltran needs additional time within which to file pretrial motions, time should be excluded to ensure reasonable time for the defendant's counsel to effectively prepare. *Id.*

      8.      On August 21, 2008, counsel for the government spoke to counsel for defendant Beltran. Counsel for defendant Beltran does not oppose this motion. On August 26, 2008, counsel for the government spoke to counsel for defendant Vazquez-Ramirez. Counsel for defendant Vazquez-Ramirez does not oppose this motion.

WHEREFORE, the government respectfully requests that time be excluded as to defendant Vazquez-Ramirez from July 11, 2008, through and including August 4, 2008, and that time be excluded as to both defendants beginning on the date that defendant Beltran's pretrial motions were due, August 18, 2008, until the date of the filing of any pre-trial motions, in the interest of justice.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney


By:    /s Bethany K. Biesenthal
      BETHANY K. BIESENTHAL
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604
      (312)886-7629

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following documents:

    Government's Unopposed Motion to Exclude Time

were served on August 29, 2008, in accordance with FED. R. CRIM. P. 49, FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

    /s Bethany K. Biesenthal
BETHANY K. BIESENTHAL
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312)886-7629