IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 08 CR 388 |
| | ) | Hon. Joan B. Gottschall |
| JESUS IVAN VAZQUEZ-RAMIREZ | ) | |

**MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE**

NOW COMES the defendant, Jesus Ivan Vazquez-Ramirez, by and through his attorney, Richard M. Beuke, pursuant to the Fourth Amendment to the United States Constitution, and moves this Honorable Court to quash the unlawful arrest of the defendant, and suppress any and all evidence improperly obtained thereby. In support thereof, Vazquez-Ramirez offers the following:

1. Jesus Ivan Vazquez-Ramirez is presently charged with knowingly possessing with the intent to distribute a controlled substance, namely in excess of one kilogram of a substance containing heroin, in violation of Title 21, United States Code, Section 841(a)(1).

2. On May 13, 2008, at 2:30 p.m., at least eight agents from the Drug Enforcement Administration went to the address of 1901 South Harvey Street in Berwyn, Illinois, to conduct "an investigative interview." The residence at that location is clearly a two-story, multi-unit dwelling. At the time of their visit, the agents had no reason to believe that Vazquez-Ramirez was involved in criminal activity. Rather, they were acting on information they had obtained <u>three months earlier</u> from a confidential informant alleging

that co-defendant Carlos Beltran was involved in a drug trafficking and money laundering organization.

3.      The agents proceeded to knock on the front of the residence and ring the doorbells to both apartments.  Eventually, Vazquez-Ramirez looked out the window of the second-floor unit.  The agents commanded Vazquez-Ramirez to go downstairs to speak with them. Neither a search warrant nor an arrest warrant was in the agents' possession.

4.      Upon arriving downstairs at 2:45 p.m., the defendant was detained by the DEA agents while they waited for the purported owner of the building, Carlos Beltran, to arrive home.  At some point, Carlos Beltran (purportedly the target of the agents' investigation) arrived home, and entered the back of his residence without interference from a single DEA agent.

5.      Vazquez-Ramirez was handcuffed at 3:25 p.m., supposedly due to "the events that led up to Beltran exiting the rear entrance to his residence."  At the time of his arrest, officers had not observed the defendant in the commission of any federal, state, or local crime or ordinance violation.  Additionally, there were no reasonably articulable circumstances that constituted probable cause to believe that the defendant had committed, or was committing, any federal, state, or local crime or ordinance violation.  Further, there were no outstanding arrest warrants for the defendant.  A search of Vazquez-Ramirez's person was performed, during which DEA agents seized two cellular telephones, and two SIM cards.

6.       The DEA agents proceeded to enter the building, and conducted a search of the second floor apartment where Vazquez-Ramirez had been staying.  Vazquez-Ramirez had

not given the agents permission to search the second floor apartment at the time they entered the residence. At this point, Vazquez-Ramirez had not signed a consent to search form. It was not until hours later, when Vazquez-Ramirez was in custody at the Summit Police Department, that he signed the consent to search form. It must be noted that Vazquez-Ramirez signed the consent to search form only after agents had shown him a similar consent form signed by co-defendant Carlos Beltran. As a result of the search, the agents recovered a large amount of narcotics and United States currency. The defendant reasonably expects the government to introduce these items into evidence should this case proceed to trial.

7. The Fourth Amendment unequivocally provides for the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. U.S. Const. amend IV.

8. The Fourth Amendment prohibits from introduction into evidence the direct and indirect products of unreasonable searches and seizures. *Mapp v. Ohio*, 367 U.S. 643 (1961).

9. Evidence must be excluded if it was discovered by exploitation of illegal police conduct. *Wong Sun v. United States*, 371 U.S. 471 (1963).

10. Because evidence obtained from Jesus Ivan Vazquez-Ramirez was seized as a direct result of his illegal arrest, the government must be precluded from using such evidence against Vazquez-Ramirez in the instant proceedings.

WHEREFORE, the defendant requests that this Honorable Court conduct a hearing to determine whether the arrest of the defendant was illegal, and to preclude the Government from

using any and all evidence obtained as a result of the defendant's illegal arrest.

Respectfully submitted,

/s/ Richard M. Beuke

RICHARD M. BEUKE
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
(312) 726-9015