IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | 08 CR 388 |
| | ) | Hon. Joan B. Gottschall |
| JESUS IVAN VAZQUEZ-RAMIREZ | ) | |

**DEFENDANT VAZQUEZ-RAMIREZ'S MOTION FOR SEVERANCE**

Defendant Jesus Ivan Vazquez-Ramirez, by his attorney, Richard M. Beuke, pursuant to Rules 8(b) and 14 of the Federal Rules of Criminal Procedure, Rules 401 through 404 and 801 through 804 of the Federal Rules of Evidence, and the Fifth and Sixth Amendments to the United States Constitution, respectfully moves this Honorable Court to enter an order severing defendants and barring the admission of out-of-court statements by co-defendants that cannot be subjected to confrontation. In support thereof, the defendant states the following:

The federal system prefers joint trials of defendants who are named in the same indictment. *E.g., Zafiro v. United States*, 506 U.S. 534, 537 (1993). This preference is ungirded by economic concerns. As stated in *Richardson v. Marsh*, 481 U.S. 200, 210 (1987):

> It would impair both efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability – advantages which sometimes operate to a defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.

Joinder of defendants, however, is not irreversible. Rule 14(a) of the Federal Rules of

Criminal Procedure provides an avenue for severance:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

A district court has wide discretion in determining whether to grant a severance. *E.g., Zafiro*, 506 U.S. at 539; *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006). Although joinder is usually favored, the court must balance the benefits of a joint trial against the risk of prejudice. *E.g., Carrillo*, 435 F.3d at 778; *United States v. Zanin*, 831 F.2d 740, 744 (7th Cir. 1987). The *Zafiro* Court identified situations in which a severance may be warranted:

> [A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, the risk of prejudice is heightened. See *Kotteakos v. United States*, 328 U.S. 750, 774-775, 66 S.Ct. 1239, 1252-1253, 90 L.Ed. 1557 (1946). Evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice. See *Bruton v. United States*, 391 U.S. 123, 88 S. Ct. 1620, 20 L.Ed. 476 (1968). Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. See, *e.g., Tifford v. Wainwright*, 588 F.2d 954 (CA5 1979) (per curiam). The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here.

506 U.S. at 539.

In the case at bar, co-defendant Carlos Beltran made a number of statements that potentially incriminate Jesus Ivan Vazquez-Ramirez. Because of the incriminating nature of the

co-defendant's statements, jury instructions cannot realistically be expected to prevent a jury from considering the statements implicating Vazquez-Ramirez when deciding his guilt or innocence. *Bruton v. United States*, 391 U.S. 123 (1968). Thus, when a defendant is faced with a co-defendant's accusatory statements, the non-declarant is entitled to severance. *Id*. Vazquez-Ramirez would suffer clear prejudice if Beltran's statements are considered against Vazquez-Ramirez. Separate trials are necessary to preserve the trial rights of Jesus Ivan Vazquez-Ramirez.

WHEREFORE, Vazquez-Ramirez respectfully moves this Honorable Court to grant a severance in the above-entitled cause to prevent prejudice.

Respectfully submitted,

/s/ Richard M. Beuke

RICHARD M. BEUKE
53 W. Jackson Blvd., Suite 1410
Chicago, IL 60604
(312) 427-3050